UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TERRY JOE TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 09-CV-0129-CVE-FHM |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the magistrate judge's report and recommendation (Dkt. # 20) recommending that the Commissioner of the Social Security Administration's decision to deny plaintiff's claim for disability benefits be affirmed. Plaintiff has filed a timely objection to the report and recommendation, and defendant has not responded to plaintiff's objection.

On June 22, 2001, Terry Joe Taylor filed applications for disability benefits and supplemental security income with the Social Security Administration (SSA). Taylor failed to appear for consultative examinations arranged by the SSA and his applications for benefits were denied. Taylor did not appeal the denial. On July 13, 2004, Taylor filed new applications for disability benefits and supplemental security income alleging that he was disabled as of May 1, 2001. Taylor appeared for mental and physical consultative examinations in October 2004 and January 2005. SSA initially denied his applications for benefits and denied Taylor's request for reconsideration. Taylor requested a hearing on his claims, and a hearing was held before Administrative Law Judge Lantz McClain (ALJ) on June 16, 2008.

At the beginning of the hearing, Taylor's attorney asked the ALJ to update Taylor's earning records to reflect that Taylor had six additional quarters of earnings in 2006 and 2007 that affected Taylor's date last insured (DLI). Dkt. # 14, at 26. Without these additional quarters, Taylor's DLI was December 31, 2002. However, Taylor's attorney argued that the DLI should be changed to June 30, 2008 based on the inclusion of six additional quarters of earnings. The ALJ stated that he would order an updated earnings report before issuing his decision. Id. at 27. Taylor's attorney made an opening statement on plaintiff's behalf, and requested that the ALJ order new mental and physical consultative examinations for Taylor:

> Primarily what I'd like to request is that you consider ordering mental and physical CE's for two reasons. One of them is the CE's in the file are three years old, the other one is all of the evaluations that I see by the DDS physicians were pretty much based on the assumption that DLI was back in 2002. And, if you determine that the DLI was somewhere in 2007, it would of course change that evaluation. So I would respectfully request that you sending [sic] him out for some CE's with [residual functional capacity] evaluations and that sort of thing. And, with regard to the mental tests, if appropriate, I would suggest an MMPI would be appropriate.

Id. at 28. Taylor's attorney reminded the ALJ of this request at the end of the hearing, and the ALJ stated that he would take the request under advisement. Id. at 42.

The ALJ issued a written decision denying Taylor's applications for disability benefits and supplemental security income. Id. at 14-23. He noted that Taylor's DLI was December 31, 2002, but the ALJ did not address Taylor's argument that he had six additional quarters of earnings. Id. at 14. The ALJ also did not mention Taylor's request for consultative examinations, and that the most recent medical evidence in the record was dated September 2005. He determined that Taylor suffered from severe impairments of degenerative disc disease, chronic obstructive pulmonary disease, sinus bradycardia, hypertension, and depression, but none of these impairments individually or any combination of these impairments were equivalent to one of the impairments listed in 20

C.F.R. Part 404, Subpart P, Appendix 1. Id. at 16-17. The medical evidence established that Taylor had the residual functional capacity to perform light work, and there were jobs in sufficient numbers in the national economy for this type of work. Id. at 22. Based on these findings, the ALJ ruled that plaintiff was not disabled. Plaintiff asked the Appeals Council to review the ALJ's decision, and the Appeals Council denied plaintiff's appeal. Id. at 7-9.

Taylor filed this case requesting judicial review of the denial of his claim for social security benefits. He argued that the ALJ committed two procedural errors that requires the Court to reverse the denial of benefits:

> A. The ALJ's finding that Taylor's insured status expired on December 31, 2002 is not supported by substantial evidence where there were six new quarters of earnings added in 2006-07 which extended his insured status to June 30, 2008.
>
> B. The ALJ abused his discretion by failing to order the mental and physical consultative examinations specifically requested by Taylor's counsel with the consequence that there is not substantial evidence in the record to support a conclusion regarding the nature and severity of Taylor's impairments for the period between 2005 and 2008.

Dkt. # 17, at 3. The Court referred the case to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the ALJ's decision be affirmed. Defendant did not dispute that the DLI stated in the ALJ's decision failed to account for the six additional quarters of earnings, but the magistrate judge found that any error in the DLI was harmless. Dkt. # 20, at 12 ("The correct date that Plaintiff's insured status expired is June 30, 2008."). The magistrate judge determined that plaintiff would not be entitled to supplemental consultative examinations and remand of this case for further proceedings was unnecessary. Id. at 13-19.

The Court finds that the ALJ's decision should be reversed and this case should be remanded to the SSA for further proceedings. Plaintiff asked the ALJ to update his earnings records and order

mental and physical consultative examination to supplement the record, and the ALJ failed to address both of these requests. Procedural or technical errors do not require reversal if the errors are "minor enough not to undermine confidence in the determination of th[e] case." Allen v. Barnhart 357 F.3d 1140, 1145 (10th Cir. 2004). The magistrate judge recognized the ALJ's error as to the DLI, but found that this error was harmless because plaintiff was not entitled to additional consultative examinations. The Court disagrees. The ALJ failed to consider plaintiff's request for consultative examinations and the ALJ, not the Court, should be permitted to consider plaintiff's request for consultative examination in the first instance. If the ALJ had addressed plaintiff's request for consultative examinations, the ALJ's decision would be entitled to deference and could be reversed only for an abuse of discretion. See Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991); Fullen v. Astrue, 2008 WL 4371497, *4 (N.D.W.Va. Sep. 22, 2008). There is little or no medical evidence in the record dating from late 2005 to June 2008 and it is possible that the ALJ would have found additional consultative examinations helpful or necessary to review plaintiff's claim for disability benefits based on a revised DLI.[1] The ALJ did not consider whether plaintiff was disabled as of June 2008 and it is not clear that record contains sufficient evidence to make this determination. Thus, the errors identified by plaintiff are not harmless and the case should be remanded for further proceedings based on the updated DLI and for consideration of plaintiff's requests for consultative examinations.

---

[1] The Court takes no position concerning whether additional consultative examinations are necessary, and case is remanded giving full discretion to the ALJ to consider this issue in the first instance.

**IT IS THEREFORE ORDERED** that report and recommendation (Dkt. # 20) is **rejected**, and the Commissioner's decision is **reversed** and **remanded** for further proceedings. A separate judgment is entered herewith.

**DATED** this 17th day of August, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE